UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD PARTEE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2827 AGF |
| | ) | |
| ELDERCARE MANAGEMENT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Edward Partee, Jr. for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Plaintiffs brings this action pursuant to the American with Disabilities Act of 1990, as amended 42 U.S.C. §§ 12101, *et seq.* against defendant Eldercare Management Services. Although plaintiff has included with his complaint a copy of his right-to-sue letter from the Missouri Commission on Human Rights ("MCHR"), he has failed to attach a copy of his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

As stated in plaintiff's MCHR right-to-sue letter, his complaint "was dual-filed with the Equal Employment Opportunity Commission . . . and the Missouri Commission on Human Rights." If plaintiff has received an EEOC right-to-sue letter, he must submit a copy of it to this Court. If he has not yet received an EEOC right-to-sue letter, this Court would not have jurisdiction over plaintiff's EEOC claim or any Missouri Human Rights Act ("MHRA") claim,

because federal jurisdiction over a plaintiff's state MHRA claim depends upon the Court's jurisdiction over a federal claim in the same action.[1]

To initiate a claim under the ADA, a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter. *See Muth v. Cobro Corp.*, 895 F. Supp. 254, 255-56 (E.D. Mo. 1995). If plaintiff has received an EEOC right-to-sue letter, he must submit a copy of it so the Court can ascertain the timeliness of his federal employment claims. *Id.* Accordingly, the Court will order plaintiff to supplement the complaint by submitting a copy of his EEOC right-to-sue letter, if he has received one, within twenty-one (21) days of the date of this Order.

The Court notes that the statute of limitations is now running on plaintiff's state MHRA claim. A plaintiff should always be aware of the necessity of filing an employment discrimination claim within the time period provided by statute and in the appropriate state or federal court. In the absence of an accompanying federal claim, a plaintiff may file an MHRA claim in the appropriate state court within the time period set forth in the MCHR notice-of-right-to-sue letter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall submit a copy of his EEOC right-to-sue letter, if he has received one, within twenty-one (21) days of the date of this Order.

---

[1] The Court notes that there are no grounds for diversity jurisdiction in the instant case.

**IT IS FURHTER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 12th day of February.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE