UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD PARTEE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2827 AGF |
| | ) | |
| ELDERCARE MANAGEMENT | ) | |
| SERVICES d/b/a THE VALLEY, A | ) | |
| STONEBRIDGE COMMUNITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file after plaintiff's submission of his EEOC right-to-sue letter. On February 12, 2018, the Court granted plaintiff's motion to proceed in forma pauperis. Because the Court did not have a copy of plaintiff's EEOC right-to-sue letter, however, it did not conduct an initial review under 28 U.S.C. § 1915(e).

On February 21, 2018, plaintiff submitted a copy of his EEOC right-to-sue letter dated September 14, 2017, which shows this suit was timely filed. After reviewing the complaint, the Court finds it survives initial review under 28 U.S.C. § 1915(e) and will order the Clerk to issue process on the complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), for employment discrimination and retaliation against his former employer, defendant Eldercare Management Services, d/b/a The Valley, A Stonebridge Community (the "Valley").

Plaintiff states that he started working at the Valley in December 2015. In February 2017, plaintiff started having chest and back pains while at work. He notified his supervisor, Lee Schmidt, the Director of Nursing, that he was having these pains and that he had previously suffered a heart attack in July 2015. Plaintiff states Mr. Schmidt made several rude remarks regarding plaintiff's condition and told plaintiff he would need to have "some form of a Do Not Resuscitate" to remain employed at the Valley. Mr. Schmidt told plaintiff to leave work and drive himself to the hospital, because Mr. Schmidt did not want to handle plaintiff's dying at work.

When plaintiff returned to work, he was assigned to a work area directly outside Mr. Schmidt's office. Mr. Schmidt began verbally harassing plaintiff, referring to him as "trash."

2

Plaintiff filed a grievance against Mr. Schmidt for harassment and discrimination. In response, Mr. Schmidt claimed to have been only joking and trying to "lighten [plaintiff's] spirits." Mr. Schmidt was made to apologize and was told to include plaintiff in more management-related tasks at the facility.

On April 14, 2017, plaintiff was terminated by Mr. Schmidt and Stephanie Barron, the Human Resources Manager for the corporate office. Apparently, Mr. Schmidt had alleged that plaintiff had made mistakes on a resident's admission. Plaintiff told Ms. Barron that he was off work on the date of the alleged mistakes, and that he was being retaliated against for filing the grievance. Mr. Schmidt and Ms. Barron then told plaintiff he was being terminated because of errors in a patient's electronic chart. Plaintiff states that all three of them were already aware of the errors in the resident's chart, had discussed it, and plaintiff was to make corrections to the chart that day. Mr. Schmidt felt plaintiff should have done more to correct the errors, and since he had not, Mr. Schmidt decided plaintiff should be terminated.

## Discussion

To establish discrimination under the ADA, plaintiff must allege he (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of his disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The ADA also prohibits employers from discriminating against an employee who has opposed any act or practice made unlawful by the ADA. *See EEOC v. Prod. Fabricators, Inc.*, 763 F.3d 963, 972 (8th Cir. 2014). To establish a case of retaliation, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Hill*, 737 F.3d at 1218. Liberally construing plaintiff's complaint, the Court finds

plaintiff's allegations are non-frivolous, and the Court will issue process on his complaint. *See* 28 U.S.C. § 1915(e)(2).

The Court will deny without prejudice plaintiff's motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous claims, however, he has demonstrated at this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. After reviewing the record, the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [ECF No. 4]

Dated this 23rd day of February, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE