UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EDWARD PARTEE, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:17-CV-2827 AGF |
| ELDERCARE MANAGEMENT SERVICES, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 40) of Defendant Eldercare Management Services to dismiss *pro se* Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant Defendant's motion.

## BACKGROUND

*Pro se* Plaintiff, a former employee of "The Valley A Stonebridge Community" ("Valley") which is owned and managed by Defendant Eldercare, filed this suit asserting claims under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. ECF No. 38. Plaintiff's Second Amended Complaint ("complaint") seeks relief on five counts: (1) "vicarious liability of defendant for disability discrimination by supervisor;" (2) "vicarious liability of defendant for hostile work environment;" (3) "vicarious liability of defendant for retaliation by supervisor;" (4) "adverse employment action;" and (5)

"service letter violation." *Id.* at 3-4. Plaintiff seeks damages for lost income and emotional distress.

In July 2015, Plaintiff suffered an "acute myocardial infarction," or heart attack. About five months later, Plaintiff started working as a "LPN" at the Valley. In February 2016, Plaintiff was promoted to a Unit Manager position but he had to relinquish the position four months later due to "stressors and time constraints … causing exacerbation of [his] condition." ECF No. 38 ¶ 9. In February 2017, Plaintiff experienced chest and back pains while at work. He notified his supervisor, Lee Schmidt (Director of Nursing), that he was having these pains. According to Plaintiff, Schmidt responded: "You people and your diet! You are going to have to have a DNR order if you want to keep working here. Hurry up and go, I don't want you dying in here without that order." *Id.* ¶ 12. Plaintiff was treated at a local hospital and discharged.

When Plaintiff returned to work, he was assigned to a new work area directly outside Schmidt's office. According to Plaintiff, Schmidt began verbally harassing him and referred to him as "trash." *Id.* ¶ 15. Plaintiff filed a grievance against Schmidt for harassment and discrimination. In response, a corporate human resources manager arbitrated a meeting with Plaintiff and Schmidt at which Schmidt insisted his comments were "an attempted joke to alleviate [Plaintiff's] distress" and that his reference to "trash" was an order to have housekeeping clean a soiled utility room. *Id.* ¶ 19-20.

On April 13, 2017, Plaintiff encountered an error in the Valley's computer system when he was admitting a patient. He questioned Schmidt on how to proceed. According to Plaintiff, Schmidt instructed him to delete previous computer entries and replace them

with the patient's current orders.  However, Plaintiff was unwilling to add orders to a closed file so Schmidt told him to enter the information that he could and corrections could be completed within 24 hours.  On the following day, Plaintiff was informed that he was being investigated for an April 12, 2017, patient admission that Schmidt alleged had placed a patient in "immediate jeopardy."  *Id.* ¶ 30.  Plaintiff informed the human resources department that he was not at work on April 12, 2017, and therefore he could not have admitted the patient at issue.  However, Plaintiff did admit to adding orders to the patient's chart at the direction of his physician.  Plaintiff requested that the accusations against him be investigated as retaliation by Schmidt.  Schmidt then accused Plaintiff of ignoring his directives on the admission process for the April 13, 2017 patient.  As a result of the investigation, Plaintiff's position was terminated.  On May 3, 2017, Plaintiff sent a request for a service letter to Schmidt at the Valley.

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") on September 14, 2017, alleging retaliation and disability.  ECF No. 1-1 at 1.  Plaintiff was issued Notices of Right to Sue by the MCHR and the EEOC.  ECF Nos. 1-1 at 2, 6.  Plaintiff filed the Charges and Notices as exhibits in this case.  In the charge particulars, Plaintiff states that he has suffered "harassment, discrimination and retaliation due to [his] disability and participation in protected activities and … in violation of the Americans with Disabilities Act."  ECF No. 1-1 at 1.

Defendant seeks dismissal of Plaintiff's complaint, arguing that Plaintiff's ADA discrimination claim fails because Plaintiff does not plead a disability within the meaning

of the ADA and because he fails to plead an adverse employment action taken as a result of any disability. As for Plaintiff's hostile environment claim, Defendant argues Plaintiff fails to plead harassment so severe and pervasive as to alter the terms and conditions of his employment. With respect to Plaintiff's retaliation claim, Defendant argues Plaintiff fails to allege facts sufficient to plead an actionable claim for retaliation under the ADA. Defendant argues that the complaint, in its entirety, fails to comply with Federal Rule of Civil Procedure 8 in that it is not sufficiently clear to put Defendants on notice as to what conduct is being called for a defense and as to the bases of Plaintiff's claims. Plaintiff opposes dismissal, stating simply that his "complaint states enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element of [his] claim," and citing no case law in support. ECF No. 45.

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Count 1: ADA Discrimination

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish discrimination under the ADA, a plaintiff must allege he (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of his disability. *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).

First, Defendant argues that Plaintiff's ADA discrimination claim fails because Plaintiff does not plead a disability within the meaning of the ADA. Under the ADA, "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff alleges that he suffered from a heart attack, and that this "is regarded has having a disability within the definition of the ADA." ECF No. 38 ¶ 6.

The Eighth Circuit has recognized that "[h]eart disease is an impairment that, if it substantially limits a major life activity, may constitute a disability." *Taylor v. Nimock's Oil Co.*, 214 F.3d 957, 960 (8th Cir. 2000). Similarly, having a record of a qualifying impairment means an employee "has a history of … a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k)(1). In this case, Plaintiff alleges no limitations on major bodily functions or on his ability to complete major life activities, including his ability to work. *See* 42 U.S.C. § 12102(2) (listing activities that qualify as "major life activities" under the ADA's definition of disability). Because there are no factual allegations plead that suggest that Plaintiff's

history of a heart attack has caused substantial limitations on any major life activity, he cannot meet the (A) or (B) prongs of the ADA definition of disability.

As for prong (C), Plaintiff also fails to show that Defendant regarded him as having a disability within the meaning of the ADA. Here, Plaintiff suffered a heart attack more than four months before starting his employment with Defendant, and Plaintiff never alleges in his complaint that he informed Defendant of the heart attack. Clearly, once Plaintiff suffered chest and back pains at work and had to leave to seek medical treatment, Defendant became aware that Plaintiff suffered from some health problems. However, the Eighth Circuit has found that "knowing that an employee may be having medical difficulties … does not amount to treating an employee as if she has a permanent disability that substantially limits her life activities." *Taylor*, 214 F.3d at 961 (holding employee was not regarded by employer as disabled within the meaning of the ADA even though employer knew of employee's heart attack and sent her a "get well" card). Plaintiff fails to plead sufficient factual allegations to establish that he is disabled within the meaning of the ADA.

Second, Defendant argues that Plaintiff's ADA discrimination claim fails for not alleging an adverse employment action resulting from his alleged disability. "An adverse employment action is one that causes a material change in the terms or conditions of employment." *Fenney v. Dakota, Minn. & E. R.R. Co.*, 327 F.3d 707, 716 (8th Cir. 2003) (citations omitted). To be considered "adverse," the action "need not always involve termination or even a decrease in benefits or pay." *Id.* at 717.

In this case, it is not clear to the Court from the pleadings exactly what adverse employment action Plaintiff is attempting to allege. Plaintiff states that he was told by Schmidt that he would have to have a 'Do Not Resuscitate' (DNR) order on file in order to maintain his employment with Defendant. ECF No. 38 at 3 ¶ 2 (under 'Count 1').[1] To the extent that Plaintiff is alleging that Schmidt's DNR statement is a requirement of employment constituting an adverse employment action resulting from his disability, this argument fails. The fact that Schmidt mentioned a DNR in the panic of hearing that Plaintiff was having chest and back pains – although inappropriate – does not amount to a material change in working conditions. There is no evidence that Schmidt followed up on his statement and actually required such an order of Plaintiff. Under the facts plead, Schmidt only ever mentioned the DNR to Plaintiff one time and never actually made the order a condition of employment.

To the extent that Plaintiff is alleging the adverse employment action of termination because of his alleged disability, there are no factual allegations to support such an argument. The paragraphs of the complaint under Plaintiff's Count I claim for disability discrimination do not mention termination. Even in a broad reading of both the complaint as a whole and the MCHR charge particulars, Plaintiff's general allegations are that he was wrongfully terminated in retaliation for filing a grievance against Schmidt, or for refusing to follow Schmidt's patient admission instructions – but not for having a disability. There are no facts plead which would lead the Court to believe that Plaintiff's

---

[1] Because the paragraph numbering in Plaintiff's complaint does not run consecutively throughout the document, some citations to the complaint will contain page, paragraph numbers, and/or descriptive wording as needed for clarification.

termination resulted from his alleged disability. Therefore, Plaintiff's ADA discrimination claim fails for not alleging both a disability within the meaning of the ADA, and an adverse employment action taken as a result of his alleged disability. Count 1 will be dismissed.

Count 2: Hostile Work Environment

In order for Plaintiff to succeed on his hostile work environment claim due to harassment on account of his disability, Plaintiff must show that: 1) he is a member of the class of people protected by the statute; 2) he was subject to unwelcome harassment; 3) the harassment was based on his membership in the protected class; and 4) the harassment was sufficiently severe or pervasive as to affect the terms, conditions, or privileges of his employment. *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003) (Eighth Circuit recognizes that a hostile work environment claim can be cognizable under the ADA).

Defendant argues this count should be dismissed because Plaintiff fails to plead harassment so severe and pervasive as to alter the terms and conditions of his employment. The Court agrees. Even assuming Plaintiff could meet the first three requirements, the conduct about which Plaintiff complains is not severe enough to support a hostile work environment claim. In assessing whether the severity of alleged hostile work environment conduct meets the necessary threshold, courts consider the totality of all the circumstances presented. *Sellers v. Deere & Co.,* 791 F.3d 938, 945 (8th Cir. 2015). This includes how often the conduct occurred, whether it was physically threatening or humiliating, and whether it unreasonably interfered with the plaintiff's

performance on the job. *Id.* (citations omitted). Rude or unpleasant conduct is insufficient alone to constitute actionable harassment or a hostile work environment. *Id.*

Here, Plaintiff alleges that after he suffered health problems on the job, his work area changed and he was subjected to verbal abuse and harassment by Schmidt – including being called "trash." These allegations are not severe or pervasive enough to alter the conditions of Plaintiff's work environment. Schmidt described his comment as an "attempted joke." ECF No. 38 ¶ 19. Generally, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citations and quotations omitted). The factual allegations plead by Plaintiff are simply not enough to rise to the level of conduct required for a hostile work environment claim. Count 2 will be dismissed.

Count 3: ADA Retaliation

The ADA also prohibits employers from discriminating against an employee who has opposed any act or practice made unlawful by the ADA. *E.E.O.C. v. Prod. Fabricators, Inc.*, 763 F.3d 963, 972 (8th Cir. 2014). To establish a case of unlawful retaliation, a plaintiff must show: (1) that he engaged in statutorily protected activity; (2) an adverse employment action was taken against him; and (3) a causal connection exists between the two events. *Hill*, 737 F.3d at 1218. Defendant argues Plaintiff fails to allege facts sufficient to plead an actionable claim for retaliation under the ADA because he: (1) fails to allege an ADA-protected disability, and therefore fails to allege that he engaged

in protected conduct when he filed a grievance complaining of discrimination based on a non-ADA protected disability; and (2) fails to plead "but-for" causation.

Here, the allegations under Count 3 of Plaintiff's complaint are that he was "terminated … after filing a grievance for discrimination and harassment;" that Schmidt "falsely alleged that Plaintiff made errors" to an admission record; and that Schmidt "urged that Plaintiff be terminated for not adding orders to an older admission record." ECF No. 38 at 3 ¶¶ 1-3 (under 'Count 3'). Plaintiff did not include the filed discrimination grievance in the pleadings.

An employee engages in protected activity when he opposes an action "based on a reasonable belief that [his] employer has engaged in discriminatory conduct." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 554 (8th Cir. 1998) (citation omitted). The Court found in the Count 1 Discussion on the ADA Discrimination claim, that Plaintiff has not alleged a disability within the meaning of the ADA. However, Plaintiff's complaint states that he "suffered an acute myocardial infarction, which … is regarded as having a disability within the definition of the ADA." ECF No. 38 ¶ 6. On reviewing a motion to dismiss, the Court must accept all the allegations of the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Torti*, 868 F.3d at 671. Plaintiff believes his heart attack is an ADA disability and therefore when he filed a grievance based on discrimination due to that medical condition, he reasonably believed that his employer had engaged in discriminatory conduct. Therefore a grievance filed based on a reasonable belief of discrimination due to this condition would be statutorily protected activity.

"A retaliation claim under the ADA requires a but-for causal connection between the employee's assertion of her ADA rights and an adverse action by the employer." *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013)). Although Plaintiff seems to provide a legitimate, non-discriminatory reason for his termination (alleged errors in admission records), his complaint also alleges that he was terminated after filing a grievance for discrimination. Again, liberally construing the allegations of Plaintiff's complaint, this allegation is sufficient to constitute the pleading of a causal connection between the grievance filing and the termination. Plaintiff does not have to prove but-for causation at this stage of the case, only plead it.

Even though Plaintiff does not plead a disability within the meaning of the ADA, he reasonably believed he had such a disability, filed a grievance based on that belief, and alleges that he was fired as a result. Plaintiff's Count 3 allegations are sufficient to state a claim for ADA retaliation. Defendant's motion as to this Count will be denied.

Count 4: Adverse Employment Action

Defendant makes no specific arguments for dismissal as to Counts 4 and 5, but argues generally that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 in that it is not sufficiently clear to put Defendant on fair notice as to the claims brought against it. The Federal Rules of Civil Procedure provide, in relevant part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests."

*Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Rules also provide that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Count 4 of Plaintiff's complaint, titled 'Adverse Employment Action,' alleges that Plaintiff was wrongfully terminated and the human resources manager's refusal to consider his dispute as to the reasons for his termination constituted an "illegal or negligent act." ECF No. 38 at 4 ¶¶ 1-2 (under 'Count 4'). Based on these minimal allegations, the Court cannot decipher how this claim is different than the previously-discussed ADA claims involving an alleged adverse employment action. Plaintiff references no law or statute, besides the ADA, under which he brings the claims of his complaint.

The Court recognizes that Plaintiff is representing himself in these proceedings, and that a document filed *pro se* must be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (generally, "pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.") Liberally construing the bare allegations of Count 4 of Plaintiff's complaint in light of the factual allegations of the complaint generally, the Court cannot decipher any cause of action distinguishable from the other claims raised in the complaint. Because the Court cannot decipher Count 4, the Defendant cannot be expected to either. The allegations of

Count 4 do not provide fair notice to the Defendant under Federal Rule of Civil Procedure 8. Count 4 will be dismissed.

Count 5: Service Letter Violation

Plaintiff brings the fifth count of his complaint under Missouri Revised Statute 290.140 for failure to issue a letter of dismissal within forty-five days of its request. Mo. Rev. Stat. 290.140(1). Under the Missouri statute, when an employee who worked for a corporation for at least ninety days is discharged and makes a request in writing by certified mail with specific reference to the statute, the corporation must issue a letter "setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged." *Id.* Plaintiff attached his request for a letter of dismissal and the certified mail receipt to his complaint. ECF No. 38 at 7. According to Plaintiff, Defendant failed to respond to the request and Defendant never addresses the specific allegations of this Count in its motion to dismiss. Plaintiff's allegations meet the statutory requirements. Therefore, Defendant's motion as to Count 5 will be denied.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part.** ECF No. 40. Counts 1, 2, and 4 of Plaintiff's Second Amended Complaint are dismissed. The remaining claims are Count 3 (ADA Retaliation) and Count 5 (Service Letter Violation).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2018.